UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

JASON C. SHEPPARD,

    Petitioner,

V.

FRANCISCO QUINTANA,

    Respondent.

Case No. 5:18-cv-00630-KKC

**MEMORANDUM OPINION AND ORDER**

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court on the 28 U.S.C. § 2241 petition and various additional motions filed by Petitioner Jason C. Sheppard, an inmate at the Federal Medical Center in Lexington, Kentucky. Proceeding without an attorney, Sheppard filed his petition for a writ of habeas corpus in late 2018 to challenge a prison disciplinary conviction he received and certain consequences of that conviction. [*See* R. 1; R. 10.] The Court asked the Warden to respond to Sheppard's request for relief, and the matter is now ripe for the Court's review. For the reasons that follow, Sheppard's petition is **DENIED** and his related pending motions will also be **DENIED**.

**I**

In 2016, Jason Sheppard was convicted of mail fraud in the Western District of Pennsylvania. [*See, e.g.*, R. 10 at 2.] As a result of this conviction and a subsequent violation of Sheppard's term of supervised release, Sheppard is currently serving a total sentence of forty months of imprisonment with three years of supervised release. [R. 23 at 1.]

As part of his sentence, Sheppard was previously housed at Renewal, Inc., a halfway house in Pittsburgh, Pennsylvania. [*Id.* at 2.] While there, Sheppard received a Federal Bureau of Prisons ("BOP") disciplinary conviction, "Incident Report No. 3141649", for escaping the halfway house. [*Id.*] In addition to the escape charge, Sheppard's disciplinary record also contains an incident report for Code 112, Use of Alcohol, and an incident report for Code 305, possession of unauthorized items. [*See* R. 23-1 at 68.] Sheppard's 28 U.S.C. § 2241 petition challenges the validity of Incident Report 3141649 as well as the impact of that incident report on his ability to participate in the BOP's Residential Drug Abuse Program ("RDAP"), completion of which may result in a shortened sentence. Sheppard's petition argues (1) that the disciplinary hearing underlying Incident Report 3141649 violated his due process rights; (2) that, on appeal, the Regional Office ordered either a rehearing of the matter or expungement of the report within thirty days; and (3) that neither a hearing nor expungement occurred during the requisite thirty days. [R. 10.] Sheppard's petition asks the Court to have Incident Report 3141649 expunged and, subsequently, for his RDAP participation and shortened sentence to be reinstated. [*Id.*]

After Sheppard filed his § 2241 petition but before the Warden filed his response, the BOP conducted a rehearing on Incident Report 3141649 and expunged it from Sheppard's record. As a result, the BOP also restored forty-one days of good time credit to Sheppard's sentence, advancing his projected release date from October 17, 2019, to September 12, 2019. [*See* R. 18; R. 23 at 2.] Further, the BOP reviewed Sheppard's eligibility for RDAP but found that, due to the other independent violations previously committed by Sheppard, he remains ineligible for RDAP even after Incident Report 3141649 was removed from his record. [R. 23 at 2-3.]

Sheppard's § 2241 petition is now fully briefed and before the Court for consideration. The Court addresses Sheppard's petition and three other pending motions below.

# II

## A

Upon the Court's review of the record, the first issue presented by Sheppard's § 2241 petition is now moot. Thanks to the rehearing recently conducted by the BOP, Incident Report 3141649 was expunged from Sheppard's record and forty-one days of good time credit were rightfully restored. [*See* R. 18.] Accordingly, the arguments in Sheppard's petition seeking expungement of the incident report have been addressed, and those claims will therefore be dismissed as moot. *See Berger v. Cuyahoga Cnty. Bar Ass'n*, 983 F.2d 718, 724 (6th Cir. 1993) (quoting *Carras v. Williams*, 807 F.2d 1286, 1289 (6th Cir. 1986)) ("Mootness results when events occur during the pendency of the litigation which render the court unable to grant the requested relief.").

However, the mootness of that one issue does not automatically resolve the other argument presented in Sheppard's petition. Though the Warden asserts that Sheppard received "all the relief he requested . . . and thus the case is now moot," [*see* R. 23 at 6], Sheppard's petition plainly also requests that his "3621(e) for RDAP" be reinstated. [*See* R. 10 at 8, R. 10-1 at 2.] Sheppard correctly recognizes that "the reinstatement of [his] 3621(e) early release for RDAP pursuant to Bureau of Prisons Program Statement 5331.02 remains a viable issue to be solved" despite the mootness of the incident report question. [R. 24 at 1.] Nevertheless, Sheppard is not entitled to the relief he seeks.

Pursuant to 18 U.S.C. § 3621(e)(2)(B), the BOP may reduce the length of incarceration for certain nonviolent offenders as an incentive for their completion of a residential substance abuse treatment program, such as RDAP. The BOP exercises discretion regarding whether to grant RDAP graduates early release or modified conditions of confinement, and even when an inmate

successfully completes RDAP, the BOP still enjoys the discretion to deny that inmate early release. *See Lopez v. Davis*, 531 U.S. 230, 241 (2001); *Orr v. Hawk*, 156 F.3d 651, 653-54 (6th Cir. 1998).

In his petition, Sheppard contends that he was removed from RDAP solely because of Incident Report 3141649, and upon expulsion of that incident report, he should be once again allowed to participate in the program and earn time off of his overall sentence. In making this argument, Sheppard emphasizes BOP Program Statement 5331.02, which indicates that inmates should be given one formal warning before being removed from RDAP. [*See* R. 24; R. 24-1.]

Program Statement 5331.02 notwithstanding, the record before the Court indicates that additional incident reports independently prohibit Sheppard from completing RDAP and earning a shortened sentence under 18 U.S.C. § 3621(e). *See* BOP Program Statement 5330.11, § 550.53(g)(3) (explaining that inmates will be immediately removed from RDAP if a hearing officer finds that they have committed one of various prohibited acts, including a prohibited act involving alcohol or "any 100-level series incident"). [*See also* R. 23-1 at 4 (explaining Sheppard's other violations); R. 23-1 at 68 (listing an incident report for use of alcohol); R. 26-1 at 1 (indicating the BOP would not automatically reinstate Sheppard's § 3621(e) release date "based on the totality of [his] behavior").]

Further, and perhaps even more importantly, an inmate's ability to participate in RDAP and whether or not that participation results in a reduction to the inmate's sentence are matters solely committed to the BOP's discretion. 18 U.S.C. § 3621(e) "does not implicate a constitutionally-protected liberty interest because it does not mandate a sentence reduction." *Heard v. Quintana*, 184 F. Supp. 3d 515, 519 (E.D. Ky. 2016). Accordingly, Sheppard's "expulsion or removal from RDAP did not deprive him or either procedural or substantive due process. A prisoner has no liberty interest in discretionary release from prison prior to the

expiration of his or her sentence. Nor does a prisoner have a liberty or property interest in participating in a prison rehabilitation program." *Id.* (internal citations omitted); *see also Sesi v. U.S. Bureau of Prisons*, 238 F.3d 423, 2000 WL 1827950, *2 (6th Cir. 2000) (noting same).

Finally, to the extent Sheppard claims the BOP has failed to abide by Program Statement 5331.02, he is still not entitled to habeas relief. Prison regulations are "primarily designed to guide correctional officials in the administration of a prison", not to "confer rights on inmates." *Sandin v. Conner*, 515 U.S. 472, 481-82 (1995). An agency's alleged failure to adhere to its own policies does not on its own state a due process claim. *See, e.g.*, *Bonner v. Federal Bureau of Prisons,* 196 F. App'x 447, 448 (8th Cir. 2006) ("[A] violation of prison regulations in itself does not give rise to a constitutional violation."). Thus, Sheppard's § 2241 petition—in its entirety—is properly denied.

**B**

The Court, then, turns to three pending motions filed by Mr. Sheppard in the last several weeks. First, on January 25, 2019, Sheppard filed a motion for judgment on the pleadings asking the Court to rule in his favor because the Warden failed to respond to his petition. [R. 22.] The Warden, however, did respond to Sheppard's habeas petition; both Sheppard's motion and the Warden's response were docketed by the Clerk of the Court's Office on the very same day. [*See* R. 23.] The Court has taken the response into account and will deny Sheppard's motion.

Sheppard also filed a motion asking the Court to "subpoena Bureau of Prisons officials and contractors for testimony regarding his RDAP treatment and 3621(e) status." [R. 25.] Sheppard goes on to identify four individuals whom he believes could provide support for the position he takes in his habeas petition regarding his ongoing ability to participate in RDAP. [*Id.*] As the Court explained above, however, Sheppard is not entitled to the relief he seeks, and Sheppard's

5

requested additional evidence will not change that result. Similarly, there is no need for Sheppard's requested hearing. [*See* R. 26.] Holding a hearing would not change the result in this matter, and the record before the Court is, as it stands, sufficiently clear. The Court therefore denies both Sheppard's motion for a subpoena and his motion for a hearing.

### III

For the foregoing reasons, the Court hereby **ORDERS** as follows:

1. Petitioner Jason Sheppard's amended petition for a writ of habeas corpus [R. 10] is **DENIED**;

2. Sheppard's motion for judgment on the pleadings [R. 22]; motion to subpoena [R. 25]; and motion for a hearing [R. 26] are **DENIED**;

3. This matter is **DISMISSED** and **STRICKEN** from the Court's active docket; and

4. Judgment shall be entered contemporaneously herewith.

Dated February 19, 2019.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY